# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2258 | **DATE** | May 5, 2011 |
| **CASE TITLE** | GREDE v. FTN FINANCIAL SECURITIES CORP. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to compel production of documents responsive to Defendants' January 5, 2011 requests is GRANTED for the documents provided to James Feltman with respect to the *Bank of New York* matter. The remainder of the motion is DENIED.

## STATEMENT

    The motion to compel production of documents responsive to January 5, 2011 requests is denied except for the request for documents provided to James Feltman with respect to the *Bank of New York* matter. The rest of it is characterized by the Trustee as a "fishing expedition" - a phrase used by some courts to describe over-the-top discovery practices. Of course, all discovery is a fishing expedition and the phrase is not as widely used as it once was. The true meaning is that disapproved fishing expeditions are those which impose costs of time, money, and loss of privacy (if not privilege) without any reasonable chance of landing a fish that can legally be kept and not thrown back.

    What fish are sought here are not keepers. Whatever a Jenner & Block ("Jenner") lawyer said to someone about the merits of Sentinel's claim is not admissible to prove the validity of the claim. Is not an outside expert and could nto legally act as one. Nor is any Jenner lawyer a contemporaneous witness to the events at issue. If some Jenner lawyer said any claim is weak or worthless, the finder of fact wouldl not be permitted to hear that statement. Nor would the finder hear the prior statement of the witness who claims the Fifth Amendment privilege (T.C. Arana). The witness cannot be cross-examined and her statements cannot be deemed to be an admission of Sentinel.

    Moreover, what is requested is protected by work product privilege, a protection that all sides to this dispute have or would invoke. There are good arguments against the work product privilege and someday lawyers may have to be careful to divide their note-taking into two sections, one setting forth only the words uttered by the interviewed person and the other setting forth tentative conclusions, possible lines of inquiry, attorney opinions and comments. But that is not the rule today and lawyers are entitled to rely on the privilege. The law gives us power to void the privilege but the case for that is not made here.

    It is true that the Trustee seeks to protect communications made prior to assignment of customer cliams. But I am persuaded that the common legal interest doctrine extends work product rules to cases in which parties' interests are shared and common. There is no claim that the Trustee and the claims the

**STATEMENT**

assigning customers have not coordinated from the start. Indeed their formal coordination was impeded only by my early (and reversed) decision that the Trustee could not pursue customer claims.78