UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDERICK J. GREDE, as Liquidation Trustee of the Sentinel Liquidation Trust, | : |
| Plaintiff, | : CASE NO. 08 C 6587 |
| v. | : Judge James B. Zagel |
| STEPHEN M. FOLAN, JACQUES DE SAINT PHALLE, FTN FINANCIAL SECURITIES CORP., and FIRST TENNESSEE BANK, N.A., | : |
| Defendants. | : |
| FREDERICK J. GREDE, as Liquidation Trustee of the Sentinel Liquidation Trust, | : |
| Plaintiff, | : CASE NO. 09 C 2258 |
| v. | : Judge James B. Zagel |
| FTN FINANCIAL SECURITIES CORP. and JACQUES DE SAINT PHALLE | : |
| Defendants. | : |

**STIPULATED CONFIDENTIALITY ORDER**

This Stipulation and Order ("Agreement") is entered into by and between the United States Securities and Exchange Commission (the "SEC"); Frederick J. Grede, not individually but as the Liquidation Trustee for the Sentinel Liquidation Trust (the "Trustee"); and FTN Financial Securities Corp., Stephen M. Folan, and Jacques de Saint Phalle (collectively, "FTN"). The SEC, the Trustee and FTN are referred to herein as the "Parties."

1

The purpose of this Agreement is to protect the confidentiality of certain documents and information that the SEC has produced or will produce as third-party discovery in connection with *Grede v. Stephen M. Folan et al.,* Case No. 08 CV 6587 (N.D. Ill.), and any proceedings related thereto (collectively, the "Proceedings").

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED** as follows:

1. <u>Designation of Confidential or Highly Confidential Material by the SEC</u>.

The SEC may designate documents and information it produces as "Confidential" if the SEC believes that the material (1) contains information that is proprietary or commercially sensitive; (2) contains trade secrets or other confidential research, development, or commercial information; (3) contains non-public information of a personal or private nature including, but not limited to, employee personnel files and confidential information regarding persons or entities that are not parties to the Sentinel Bankruptcy or the Proceedings; or (4) includes documents or information that is otherwise confidential and should be protected from public dissemination. Such documents and information designated by the SEC as "Confidential" are referred to herein as "Confidential Material." The SEC may designate material and information it considers to be Confidential Material by marking it "Confidential" or, with respect to documents produced electronically, the SEC shall identify by document identification number the documents it is designating as Confidential Material pursuant to this Agreement, and FTN, the Trustee, and their counsel shall segregate the documents which have been identified by document identification number and take steps necessary to assure compliance with the provisions of this Agreement.

The SEC may designate documents and information they produce as "Highly Confidential" if it believes that the material is of such a highly sensitive commercial nature that they (or the person to whom or which they owe a duty of confidentiality) could suffer harm or disadvantage if the information were used by or disclosed beyond counsel. Such documents and information designated by the SEC as "Highly Confidential" are referred to herein as "Highly Confidential Material." The SEC shall designate material and information they consider to be Highly Confidential Material by marking it "Highly Confidential" or, with respect to documents produced electronically, the SEC shall identify by document identification number the documents they are designating as Highly Confidential Material pursuant to this Agreement, and FTN, the Trustee, and their counsel shall segregate the documents which have been identified by document identification number and take steps necessary to assure compliance with the provisions of this Agreement.

All procedures, protections, restrictions, and uses described herein apply with equal force to Confidential and Highly Confidential Material designated by the SEC. This paragraph 1 does not apply to any documents already produced to the Trustee or FTN by the SEC as of the date of this Agreement.

2.  Contesting Designation of Confidential or Highly Confidential Material.

If either FTN or the Trustee in good faith believes that documents or information produced by the SEC should not be designated as Confidential or Highly Confidential Material, counsel for FTN or the Trustee shall specify in writing to the SEC (i) the information in issue and (ii) the grounds for questioning the designation. The SEC must respond in writing within seven (7) business days or within such additional time as the Parties' counsel may agree to. If the Parties do not reach agreement regarding confidentiality, the Party challenging the designation

may file a motion with the court to remove the confidentiality designation. The SEC shall bear the burden to show that material designated as Confidential or Highly Confidential qualifies for protection. Until the SEC agrees to or is ordered to withdrawal its designation of material or information as Confidential or Highly Confidential Material, the Parties shall continue to treat such material or information as Confidential or Highly Confidential Material consistent with the terms of this Agreement.

3. <u>Use of Confidential Material</u>.

Except as otherwise provided in this Agreement, information designated as Confidential may not be given, shown, or disclosed to any person other than:

    a. outside counsel for FTN and the Trustee and all paralegal assistants, stenographic and clerical employees under the direct supervision of such counsel;

    b. any person whose testimony is noticed to be taken, including non-party witnesses, for purposes of the Proceedings, provided that: (i) there is a reasonable basis for such disclosure; and (ii) such person may only be shown information designated as Confidential Material during or in preparation for his or her testimony, and may not retain any such information;

    c. persons who were authors or recipients of the Confidential Material in the ordinary course of business;

    d. the court with jurisdiction over the Proceedings;

    e. court reporting personnel involved in taking or transcribing testimony in the Proceedings;

    f. experts or consultants retained by FTN, the Trustee or their counsel to whom it is necessary that Confidential Material be shown for purposes of the Proceedings,

provided that the person is given a copy of this Agreement and agrees to be bound by its terms pursuant to Attachment A to this Agreement;

g. providers of litigation support, duplicating, and auxiliary services of a similar nature, routinely engaged by counsel;

h. the legal representative of the Sentinel Litigation Trust, including the Liquidation Trustee appointed pursuant to the plan of liquidation or his successor;

i. any person who the Parties agree, in advance and in writing may receive such protected information;

j. current or former employees of FTN or the Trustee, including former employees of Sentinel, as reasonably necessary for purposes of the Proceedings, for use only in connection with the Proceedings; and

k. any other party in interest, including any creditor, official committee in the Proceedings, or counsel to such creditor or committee to whom it is necessary that Confidential Material be shown for purposes of the Proceedings and the individual shown such information is aware of and agrees in writing to be bound by the terms of this Agreement pursuant to Attachment A to this Agreement.

4. Use of Highly Confidential Material.

Except as otherwise provided in this Agreement, information designated as Highly Confidential may not be given, shown, or disclosed to any person other than those persons set forth in paragraphs 3(a)-(j) above, except that information designated as Highly Confidential may not be given, shown, or disclosed to any persons set forth in paragraphs 3(b), 3(f), and 3(j) of this Agreement unless such person is aware of, is given a copy of, and agrees in writing to be bound by the terms of this Agreement pursuant to Attachment A to this Agreement. If the

individual shown such information does not agree in writing to be bound by the terms of this Agreement, the Party seeking to disclose such information must give the SEC three (3) business days' notice of the individual's refusal prior to disclosure, and if the SEC does not move the Court for a protective order within that time, the individual may be shown the information without agreement in writing to be bound by the terms of this Agreement.

5. <u>Information Generated From Inspection of Confidential Material</u>.

Any copies, photographs, and quoted excerpts, of the matters designated Confidential or Highly Confidential shall be treated in the same manner as material marked Confidential or Highly Confidential. This includes any Confidential or Highly Confidential Material read to any person who has not agreed in writing to be bound by the terms of this Agreement pursuant to Attachment A, if so required by paragraphs 3 and 4 above.

6. <u>Deposition Testimony</u>.

    a. Deposition transcripts shall be deemed temporarily designated as Highly Confidential, provided that within thirty (30) days after receipt of the transcript, counsel shall review the transcript and designate only those pages of the transcript that the designating Party believes constitute, reflect, or disclose Highly Confidential or Confidential information. Notwithstanding any automatic or specific designations under this paragraph, a Party may object to Highly Confidential or Confidential designations pursuant to paragraph 2.

    b. Counsel for any Party or the witness may also designate during a deposition that certain information disclosed during a deposition is to be treated as Highly Confidential by indicating on the record of the deposition and shall be part of a separate transcript of such material.

    c.    When information or documents designated as Highly Confidential are disclosed or discussed during a deposition, counsel for the witness or any Party who may be affected by disclosure shall have the right to exclude from attendance during that portion of the deposition any person who is not entitled to receive such Highly Confidential information or documents pursuant to this Agreement. The presence of in-house counsel at a deposition (or the failure to request in-house counsel to leave for portions of a deposition when Highly Confidential information is discussed) does not constitute a waiver or preclude a Party from designating all or part of the transcript of that deposition as Highly Confidential.

7.    <u>Acknowledgment of Confidential Material</u>.

Counsel for the respective Parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the written agreement to be bound by the terms of this Agreement, if so required in paragraph 3 or 4 above, of any person to whom any Confidential or Highly Confidential Material is disclosed. Such written agreement shall be in the form annexed hereto as Attachment A. Subject to the terms of this Agreement and to the Federal Rules of Civil Procedure, any Party may utilize Confidential or Highly Confidential Material in the course of deposition or hearing provided that, prior to his or her examination, the witness is furnished with a copy of this Agreement and has executed Attachment A to this Agreement. If a non-party witness has refused to execute Attachment A, he or she shall be advised on the record that he or she is subject to sanctions, including contempt in the event they violate the terms of this Agreement. This admonition shall serve as a substitute for the execution of Attachment A and shall permit examination of the witness on documents or other information containing Confidential or Highly Confidential Material.

8.  Responses to Interrogatories or Requests for Admissions.

Confidential Material may be referred to in responses to interrogatories or requests for admissions made by the Parties, provided that the responses to interrogatories or requests for admissions in which the Confidential Material is revealed is prominently marked as Confidential or Highly Confidential, as the case may be.

9.  Binding Effect.

Upon entry of a protective order adopting the terms of this Agreement, the terms of this Agreement shall be binding on all Parties, persons who receive Confidential or Highly Confidential Material, and any other individual or entity who receives this order.

10.  Jurisdiction of the Court.

Each individual who receives any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Agreement.

11.  Court Filings.

Entry of a protective order adopting the terms of this Agreement shall constitute entry of an order in accordance with Local Rule 26.2(b) allowing Parties to file Confidential Material in this Court under seal without prior approval or order of the Court. Confidential Material attached as an exhibit to any filing shall be filed under seal in accordance with the procedures set forth in Local Rule 26.2(c) or other applicable rules. Absent the SEC's agreement, which shall not be unreasonably withheld or delayed, Confidential Material quoted in a filing shall be redacted in the version of the filing filed on the Court's ECF system, and unredacted versions of the filing shall be filed under seal in accordance with local rules.

12. <u>Disclosure of Material Not Obtained in the Proceedings</u>.

Nothing in this Agreement shall preclude the SEC, FTN, the Trustee, or their counsel, or any other person from disclosing or using, in any manner or for any purpose, its own information or any information or documents not obtained in discovery in this action, if such information is lawfully obtained from a person having the right to disclose such information, even though the same information or copies of the same documents may have been produced in discovery in the action and designated as Confidential or Highly Confidential Material.

13. <u>Subpoenas</u>.

   a. The FTN and the Trustee agree to provide prompt notice to the SEC if any individual or entity subpoenas material designated as Confidential or Highly Confidential Material or if the production of such documents or information is ordered by another court. The subpoenaed Party will give such notice to the SEC within five (5) business days of receiving a subpoena. No production will be made prior to the later of either the subpoena return date, or five (5) business days after notice to the designating Party. If the designating Party has filed a motion for protective order at any time prior to the later of the subpoena return date or five (5) business days after notice to the SEC, the subpoenaed Party will make no disclosure until the SEC agrees to produce the materials, or a court orders the production.

   b. Nothing in this Agreement shall limit the Parties' ability to produce or discuss the content of any material designated as Confidential or Highly Confidential to or with any governmental or regulatory agency that is investigating matters relating to Sentinel or related entities, including without limitation the SEC, the

        Commodity Futures Trading Commission, the Department of Justice, the FBI, and the U.S. Postal Inspection Service.

14.    Inadvertent Disclosure.

The inadvertent or unintentional disclosure of Confidential or Highly Confidential Material shall not be deemed a waiver of the SEC's claim of confidentiality as to such information. In the event of an inadvertent disclosure of Confidential or Highly Confidential Material to a person not authorized by this Agreement to receive such materials, the Trustee or FTN shall, upon learning of the disclosure:

   a.    promptly notify the person to whom the disclosure was made that it contains Confidential or Highly Confidential Material subject to this Agreement;

   b.    promptly make reasonable efforts to obtain the return of the Confidential or Highly Confidential Material from and preclude its dissemination or use by the person to whom disclosure was inadvertently made; and

   c.    within five (5) business days, serve the SEC with a written notice stating the identity of the person to whom the disclosure was made, the nature of the disclosure, and the steps taken to obtain the return of the improperly disclosed documents, information or things and to ensure against their further dissemination or use.

15.    Inadvertent Failure to Designate.

The inadvertent or unintentional failure to designate Confidential or Highly Confidential Material as Confidential or Highly Confidential shall not be deemed a waiver of a the SEC's claim of confidentiality as to such information. If the SEC inadvertently fails to designate Confidential or Highly Confidential Material as such at the time of production, the SEC may

thereafter as soon as practicable make such designation. No demonstration or proof of error, inadvertence, or excusable neglect by the SEC shall be required for such designation. FTN and the Trustee, after receiving notice of this subsequent designation, shall promptly notify the SEC as to the identity of each person, if any, to whom the previously undesignated material was disclosed, other than persons permitted to receive Confidential and Highly Confidential Material by this Agreement and governmental or regulatory agencies, shall diligently attempt to retrieve all copies of the undesignated materials, and thereafter such document or information shall be subject to the provisions of this Agreement.

16. <u>No Waiver</u>.

The provisions of Federal Rule of Evidence 502 shall apply to and govern the effect of disclosure of communication or information covered by the attorney-client privilege or work-product doctrine.

17. <u>Reserved Rights</u>.

Nothing contained herein shall prevent the SEC, the Trustee or FTN, following a meet and confer process and upon proper notice, from seeking a court order that authorizes different procedures or terms for the use of materials or information designated as Confidential or Highly Confidential Material in the event it determines that any provision herein will interfere with the conduct of the Proceedings and alternative terms cannot be agreed upon.

18. <u>Survival of Agreement</u>.

This Agreement shall survive the final disposition of the Sentinel Bankruptcy, related litigation, and all appeals therefrom ("termination"). Within 30 days after the termination, all Confidential and Highly Confidential Material and all copies thereof shall be promptly returned to the SEC, or, upon permission of the SEC, destroyed, provided, however, that: (a) the FTN and

the Trustee may retain a complete file of all depositions and court papers served or filed with the Court in the Action; (b) the attorneys for FTN and the Trustee may retain materials which, in their judgment, constitute or are a part of their work product; and (c) all Confidential and Highly Confidential Material not returned or destroyed pursuant to this paragraph shall remain in all respects subject to the terms and provisions of this Agreement.

19. Execution.

This Agreement may be executed in counterparts, each of which shall be deemed an original and both of which shall together constitute one and the same Agreement, and the Parties agree that counterparts may be executed and served by facsimile or email, which counterparts shall be deemed originals. This Agreement may only be modified in writing signed by all Parties.

20. Additional Parties.

Third-party Defendants, Philip M. Bloom, Eric A. Bloom, and Charles K. Mosley, may become Parties to this Agreement, either before or after it is entered by the Court, by executing a supplemental addendum signifying their agreement to be bound by the terms of this Agreement.

21. Additional Relief.

Nothing herein shall prevent any Party to this Agreement from seeking additional or different relief from the Court not specified in this Agreement.

22. Enforcement.

The Court shall have the authority, upon request of the SEC, to enforce the provisions of this Agreement.

23. Notices.

All notices to the Parties as required by this Agreement shall be provided by email and overnight mail to counsel for the SEC, FTN and the Trustee:

Counsel for the SEC:

Andrea R. Wood
U.S. Securities and Exchange Commission
175 West Jackson Blvd., Suite 900
Chicago, IL 60604
Telephone: (312) 353-7390
E-mail: woodar@sec.gov

Counsel for FTN:

Patrick J. Carome
Wilmer Cutler Pickering
Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6610
E-mail: patrick.carome@wilmerhale.com

Counsel for the Trustee

Jeffrey S. Eberhard
Jenner & Block LLP
330 North Wabash
Chicago, IL 60611
Telephone: (312) 840-8602
Email: jeberhard@jenner.com


STIPULATED AND AGREED this 11th day of May 2011:


U.S. SECURITIES AND EXCHANGE COMMISSION

/s/ Andrea R. Wood
One of its attorneys


FTN FINANCIAL SECURITIES CORP.,
STEPHEN M. FOLAN, and
JACQUES DE SAINT PHALLE

/s/ Patrick J. Carome
One of their attorneys

FREDERICK J. GREDE, as Trustee

/s/ Jeffrey S. Eberhard
One of his attorneys


**SO ORDERED** this 18th day of May 2011

_____
UNITED STATES DISTRICT JUDGE