IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, Assignee of certain claims, <br><br> Plaintiff, <br> v. <br><br> **FTN FINANCIAL SECURITIES CORP., FIRST TENNESSEE BANK N.A.,** and **JACQUES DE SAINT PHALLE**, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 09 CV 2258 <br><br> Honorable James B. Zagel <br><br> **JURY TRIAL DEMANDED** |

### TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINT

The Trustee moves, pursuant to Federal Rule of Civil Procedure 15, for leave to amend the Complaint in the form set forth in Exhibit A. (Exhibit B is a redline comparison to the original complaint.) The purpose of the amendment is to combine certain counts and dismiss others to streamline the case for trial. Amending the complaint now for this purpose will not prejudice defendants or have a material impact on the parties' preparation of this case for trial. Leave should be granted to file the Third Amended Complaint.

Under Rule 15, where a party seeks leave to amend a complaint after an answer has been served, a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2496 (2010). Thus, absent special circumstances such as undue delay, undue prejudice to the party opposing the motion, or futility, amendment should be allowed. *Eastern Natural Gas Corp. v. Aluminum Co. of Am.*, 126 F.3d 996, 999 (7th Cir. 1997).

Here, justice requires that this Court grant the Trustee leave to amend the complaint to

combine certain counts and dismiss others. Specifically, the Trustee dismissed Count Four (Negligence) and combined Counts One and Two (Aiding and Abetting/Knowing Participation in Sentinel's and Charles Mosley's Breach of Fiduciary Duty). No substantive factual allegations have been added. To the extent allegations appear as additions on Exhibit B, they have only been moved from one location to another as part of the process of combining counts. Defendants have been aware for a number of weeks that the Trustee intended to seek leave to amend his complaint as set forth in this Motion. Accordingly, the amendments will not prejudice defendants in any way and granting leave to amend the complaint in this instance will allow the parties to better define the issues and focus their trial preparations.

For the foregoing reasons, this Court should grant the Trustee leave to file the Third Amended Complaint.

Dated: June 23, 2011

Respectfully submitted,

FREDERICK J. GREDE, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust

By:  */s/ Gregory M. Boyle*
     One of his attorneys

J. Kevin McCall (ARDC # 03125685)
Chris C. Gair (ARDC # 6190781)
Gregory M. Boyle (ARDC #6242559)
Jeffrey S. Eberhard (ARDC # 6276471)
Anne P. Ray (ARDC #6291910)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654
Phone: (312) 222-9350
Facsimile: (312) 527-0484

*Counsel for the Liquidation Trustee*