# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK J. GREDE, as Liquidation Trustee of the Sentinel Liquidation Trust,<br><br>　　　Plaintiff,<br><br>v.<br><br>STEPHEN M. FOLAN, et al.,<br><br>　　　Defendants. | Case No. 08CV6587<br><br>Judge James B. Zagel |
| FREDERICK J. GREDE, as Liquidation Trustee of the Sentinel Liquidation Trust, Assignee of Certain Claims,<br><br>　　　Plaintiff,<br><br>v.<br><br>FTN FINANCIAL SECURITIES CORP., et al.,<br><br>　　　Defendants. | Case No. 09CV2258<br><br>Judge James B. Zagel |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on July 13, 2011, at 10:15 a.m., or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable James B. Zagel, or any Judge sitting in his stead, in the courtroom, normally occupied by him in the United States District Court for the Northern District of Illinois, Eastern Division, 219 Dearborn Street, Room 2503, Chicago, Illinois, and shall then present the concurrently filed **MOTION TO COMPEL TRUSTEE TO PRODUCE RESPONSIVE DOCUMENTS**, which is hereby served upon you.

Dated: July 11, 2011          Respectfully submitted,

/s/ Michael B. Slade
Howard M. Shapiro
Patrick J. Carome
John A. Valentine
Jeannie S. Rhee
WILMER CUTLER PICKERING HALE
   AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Brian D. Sieve, P.C. (ARDC #6199741)
Michael B. Slade (ARDC #6274231)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Mark D. Griffin
Lori H. Patterson
Kristine L. Roberts
BAKER, DONELSON, BEARMAN, CALDWELL
   & BERKOWITZ, PC
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
Facsimile: (901) 577-0870

*Attorneys for Defendants Stephen M. Folan, Jacques de St. Phalle, FTN Financial Securities Corp., and First Tennessee Bank, N.A.*

William Gibbs Sullivan
Royal B. Martin
Mason N. Floyd
MARTIN, BROWN, SULLIVAN, ROADMAN
& HARTNETT, LTD
135 S. LaSalle St., Ste. 3200
Chicago, IL 60603
Phone: (312) 360-5000
Facsimile: (312) 360-5026

*Attorneys for Stephen M. Folan and Jacques de St. Phalle*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FREDERICK J. GREDE, as Liquidation Trustee of the Sentinel Liquidation Trust, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08CV6587 |
| v. | ) ) | Judge James B. Zagel |
| STEPHEN M. FOLAN, et al., | ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| FREDERICK J. GREDE, as Liquidation Trustee of the Sentinel Liquidation Trust, Assignee of Certain Claims, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 09CV2258 |
| v. | ) ) ) | Judge James B. Zagel |
| FTN FINANCIAL SECURITIES CORP., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**MOTION TO COMPEL TRUSTEE TO PRODUCE RESPONSIVE DOCUMENTS**

The trial date in the above-referenced cases is fast approaching. Yet, the Trustee continues to drag his feet on discovery related to one of the critical issues remaining, i.e., the speed and manner in which he and his advisors—Macquarie Securities (USA) Inc. ("Macquarie") —managed the liquidation of the securities held in Sentinel's portfolio. Request

- 1 -

seven of Defendants' Document Requests[1] seeks information that relates directly to this important issue. *See* Exh. A, Request No. 7; Exh. B, Request No. 7. The Trustee is entirely withholding at least 120 email chains (many with accompanying attachments) that are responsive to this request based on claims of privilege, and in doing so has provided a privilege log that is not even remotely sufficient to permit an assessment of—much less justify—such wholesale nondisclosure.

This is not this Court's first foray into a discovery dispute on this topic. In fact, the Court was forced to address this same discovery request in connection with a Motion to Compel filed by the Defendants. On May 6, 2011, ruling in Defendants' favor, this Court ordered the production of documents related to the Trustee's management of the Sentinel portfolio. In response to the Court's order, the Trustee made several productions culminating with a "final" production on June 21, 2011. *See* Exh. C. Also included in the June 21st production was a document that the Trustee's counsel described as a "log of documents withheld on the basis of privilege" (the "June 21 Privilege Log"). *See* Exh. C, pp. 2-11.

The June 21 Privilege Log listed, simply by date, sender and addressee, some 127 documents (all described as emails) that the Trustee purportedly withheld based on attorney-client privilege, even though a great many of them were neither sent to nor received from an attorney. For each document, the June 21 Privilege Log set forth one of four boilerplate phrases

---

[1] On January 5, 2011, Defendant FTN Financial Corp. ("FTN") promulgated its First Set of Requests to Plaintiff for Production of Documents and Electronically Stored Information (attached as Exhibit A) and all Defendants promulgated their Fourth Set of Requests to Plaintiff for Production of Documents and Electronically Stored Information (attached as Exhibit B, together with the First Set of Requests, referred to herein as the "Document Requests") pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

as the exclusive grounds for claiming privilege.[2]

Given the obvious inadequacy of the June 21 Privilege Log, Defendants promptly demanded that the Trustee produce a substantially more detailed and meaningful log.[3] In response, last Friday afternoon (July 8), the Trustee produced seven previously withheld documents together with a slightly revised—but equally boilerplate and conclusory—privilege log (the "July 8 Privilege Log," attached as Exhibit D). The main difference between the new and original log is that the new one adds claims of "work product protection" and "common interest privilege" for many of the 120-still withheld documents. In addition, the Trustee discloses that some of the documents (approximately nine) include attachments in addition to emails, and a very small number have a small measure of additional description.

On the whole, however, the Trustee's July 8 Privilege Log is totally inadequate, and even more so now that the Trustee is using, for the great majority of the logged items, virtually the same opaque boilerplate as he employed in the June 21 Privilege Log. As a result, Defendants

---

[2] The four phrases used throughout the June 21 Privilege Log were as follows: "Email communication with counsel for the purpose of obtaining legal advice re portfolio analysis" (42 documents); "Email communication with counsel for the purpose of obtaining legal advice re liquidation of portfolio" (36 documents); "Email communication at the direction of counsel for the purpose of obtaining legal advice re portfolio analysis" (34 documents); or "Email communication at the direction of counsel for the purpose of obtaining legal advice re liquidation of portfolio" (15 documents).

[3] Defendants' counsel sent a letter on July 1, 2011 to the Trustee's counsel regarding the inadequacy of the Privilege Log and requesting that the Trustee clarify the entries in the log. Trustee's counsel responded via email on July 7, 2011 stating that the documents were logged "improperly" and promising a revised log by July 8, 2011. Defendants received the revised Privilege Log, along with only seven documents that the Trustee agreed to produce, on July 8, 2011 at 3:20 p.m. Exh. D.