# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, Assignee of certain claims, | ) ) ) ) | Case No. 09 CV 2258 |
| Plaintiff, | ) ) | |
| v. | ) ) | Honorable James B. Zagel |
| **FTN FINANCIAL SECURITIES CORP.**, **FIRST TENNESSEE BANK N.A.**, and **JACQUES DE SAINT PHALLE**, | ) ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 6587 |
| v. | ) ) | Honorable James B. Zagel |
| **STEPHEN M. FOLAN, JACQUES DE SAINT PHALLE, FTN FINANCIAL SECURITIES CORP.**, and **FIRST TENNESSEE BANK N.A.**, | ) ) ) ) | |
| Defendants. | ) ) | |

## [PROPOSED] ORDER OF CONTRIBUTION BAR

**THIS MATTER COMING TO BE HEARD** upon the joint motion of Frederick J. Grede, not individually but as the Liquidation Trustee (the "Trustee") for the Sentinel Liquidation Trust (the "Liquidation Trust") and Estate representative of Sentinel Management Group, Inc. ("Estate"), and Stephen M. Folan, Jacques de St. Phalle, FTN Financial Securities Corp., and First Tennessee Bank National Association (collectively, the "Settling Defendants"), for a **Finding of Good Faith Settlement and For a Contribution Bar** (the "Motion"); after considering the Motion, the pleadings, the statements of counsel, any responses and objections,

the evidence adduced, and for the reasons set forth herein, and for any reasons assigned orally in open court, the Court hereby overrules any objections and grants the motion. Accordingly,

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

    A.    The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1334 and 1367.

    B.    Notice of this Motion has been served on: (a) all counsel of record in this case; (b) the Liquidation Trust Committee as defined in the Sentinel Liquidation Plan, (c) all parties in the Sentinel-Related Litigation as defined in the Settlement Agreement; (d) all creditors of the Sentinel Estate; and (e) the Settling Defendants' insurance carriers (collectively, "Notified Persons").

    C.    All Notified Persons have received advance notice of this Motion and of the relief requested therein, including the proposed finding of good faith and the proposed Contribution Bar Order; this Court gave all Notified Persons and all other persons who appeared before it on this Motion or who otherwise expressed an interest in appearing or in being heard, a full and fair opportunity to object to the Motion or the relief requested and to present arguments and evidence in support of any such objection.

    D.    Notice of this Motion constitutes due, sufficient and timely notice to all persons entitled thereto in accordance with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of this Court, and of due process. No other or further notice of the Motion or of this Order is necessary.

    E.    The Trustee and Settling Defendants negotiated at arm's-length and in good faith to reach agreement on the matters resolved through the Settlement Agreement relating to *Grede v. Folan, et al.*, 08-CV-6587 (the "Estate Action") and *Grede v. FTN Financial Securities Corp.* Case No. 09-CV-02258 (the "Creditor Action").

F. The Settlement Agreement and the releases contained therein were negotiated and reached in good faith and in accordance with applicable law. The Contribution Bar is narrowly tailored and no one has been set apart for unfair treatment. All legal requirements relating to the Contribution Bar have been satisfied in connection with the settlement and the Trustee and the Settling Defendants have acted in good faith in all respects relating thereto.

G. To the extent that any of the above findings of fact are conclusions of law they shall be treated as such. To the extent that any of the above conclusions of law are findings of fact they shall be treated as such.

**IT IS HEREBY ORDERED:**

1. The Motion is granted in all respects.

2. Third parties, including any party (other than the Settling Defendants and the Trustee or Liquidation Trust) in any Sentinel-Related Litigation, are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting against Defendants FTN Financial Securities Corp., First Tennessee Bank National Association, and Stephen M. Folan, including their respective past and present agents, officers, directors, employees, subsidiaries, parents, beneficiaries, insurers, attorneys, representatives, heirs, successors and assigns to the extent acting in such capacity, not including Defendant Jacques de St. Phalle (collectively, the "FTN Releasees"), any request, claim, or cause of action for or otherwise seeking contribution or common law indemnification, however denominated, against the FTN Releasees where the injury to the third party is based upon the third party's liability to the Trustee, the Liquidation Trust, the Estate, or the Assigning Customers (on account of the Assigned Claims) or injury caused by the third party to the Trustee, the Liquidation Trust, the Estate, or the Assigning Customers (on account of the Assigned Claims) arising out of or relating in any way to Sentinel or its affiliates, whether arising under state, federal or foreign law as claims, cross-claims,

counterclaims, or third-party claims, in this court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, or elsewhere against any of the FTN Releasees based upon, relating to, or arising out of (A) any claims asserted or judgments obtained against the third parties by the Trustee, the Liquidation Trust, the Estate, or the Assigning Customers (on account of the Assigned Claims), or amounts actually paid by the third parties to the Trustee, the Liquidation Trust, the Estate, or the Assigning Customers (on account of the Assigned Claims) based on such claims or judgments, whether by settlement or otherwise, and/or (B) liability owed, or alleged or claimed to be owed, or amounts paid, whether by settlement or otherwise, to the Trustee, the Liquidation Trust, the Estate, or the Assigning Customers (on account of the Assigned Claims) and (C) the costs of defending against claims, causes of action, demands, or requests asserted or made by the Trustee.

3. Third parties, including any party (other than the Settling Defendants and the Trustee or Liquidation Trust) in any Sentinel-Related Litigation, are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting against Defendant Jacques de St. Phalle, including his agents, insurers, attorneys, representatives, heirs, successors and assigns to the extent acting in such capacity (collectively, the "de St. Phalle Releasees"), any request, claim, or cause of action for or otherwise seeking contribution or common law indemnification, however denominated, against the de St. Phalle Releasees where the injury to the third party is based upon the third party's liability to the Trustee, the Liquidation Trust, the Estate, or the Assigning Customers (on account of the Assigned Claims) or injury caused by the third party to the Trustee, the Liquidation Trust, the Estate, or the Assigning Customers (on account of the Assigned Claims) arising out of or relating in any way to Sentinel or its affiliates for events and conduct occurring after the date of the commencement of Defendant Jacques de St. Phalle's employment by First Tennessee Bank National Association and FTN Financial

4

Securities Corp., whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in this court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, or elsewhere against the de St. Phalle Releasees based upon, relating to, or arising out of (A) any claims asserted or judgments obtained against the third parties by the Trustee, the Liquidation Trust, the Estate, or the Assigning Customers (on account of the Assigned Claims), or amounts actually paid by the third parties to the Trustee, the Liquidation Trust, the Estate, or the Assigning Customers (on account of the Assigned Claims) based on such claims or judgments, whether by settlement or otherwise, and/or (B) liability owed, or alleged or claimed to be owed, or amounts paid, whether by settlement or otherwise, to the Trustee, the Liquidation Trust, the Estate, or the Assigning Customers (on account of the Assigned Claims) and (C) the costs of defending against claims, causes of action, demands, or requests asserted or made by the Trustee.

4. The FTN Releasees are hereby permanently barred, enjoined, and restrained from maintaining, commencing, prosecuting, or asserting any request, claim, or cause of action for or otherwise seeking contribution or common law indemnification, however denominated, against any third party arising out of or relating in any way to Sentinel or its affiliates and based upon, relating to, or arising out of (A) liability owed, or alleged or claimed to be owed, or amounts paid, whether by settlement or otherwise, to the Liquidation Trust, the Trustee, the Assigning Customers (on account of the Assigned Claims), or the Estate and (B) the costs of defending against claims, causes of action, demands, or requests asserted or made by the Trustee. Nothing herein shall preclude claims that do not seek contribution or common law indemnification, including but not limited to claims by the FTN Releasees against their insurers.

32. The de St. Phalle Releasees are hereby permanently barred, enjoined, and restrained from maintaining, commencing, prosecuting, or asserting any request, claim, or cause

of action for or otherwise seeking contribution or common law indemnification, however denominated, against any third party arising out of or relating in any way to Sentinel or its affiliates and based upon, relating to, or arising out of (A) liability owed, or alleged or claimed to be owed, or amounts paid, whether by settlement or otherwise, to the Liquidation Trust, the Trustee, the Assigning Customers (on account of the Assigned Claims), or the Estate and (B) the costs of defending against claims, causes of action, demands, or requests asserted or made by the Trustee, provided, however, that the foregoing bar shall not apply to the de St. Phalle Releasees to the extent any such liabilities or costs arise out of or relate in any way to claims against them that are not released pursuant to Section 6.b. of the parties' Settlement Agreement. In addition, nothing herein shall preclude claims that do not seek contribution or common law indemnification, including but not limited to claims by the de St. Phalle Releasees against their insurers.

5. Any monetary award or judgment obtained by the Trustee, the Liquidation Trust, the Estate, or the Assigning Creditors (on account of the Assigned Claims) from or against any third party for the same injuries alleged in the Estate Action or Creditor Action, for which contribution or common law indemnification is available from the Settling Defendants, shall be reduced by the lowest amount necessary under applicable law to effect a complete bar against contribution or common law indemnity claims, however denominated, against the FTN Releasees and de St. Phalle Releasees.

6. The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

    _____
    THE HONORABLE JAMES B. ZAGEL
    UNITED STATES DISTRICT COURT JUDGE